IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

| | |
|---|---|
| Crystal Poitra, | ) |
| | ) Case No. 4:09-cv-048 |
| Plaintiff, | ) |
| v. | ) AMENDED JOINT SCHEDULING |
| | ) AND DISCOVERY PLAN |
| United States of America, | ) |
| | ) |
| Defendant. | ) |

An initial pretrial/discovery conference was held in this case on December 15, 2009, and a Joint Scheduling and Discovery Plan was entered on the same date. (Doc. 16) Pursuant to Fed.R.Civ.P. 26(f), counsel for the parties certify that on June 16, 2010 they conferred by telephone to discuss the timing and scheduling of further discovery, expert witness disclosures, and settlement evaluation. After conferring, counsel for the parties agree to amend the joint scheduling and discovery plan as follows (changes shown in bold):

1. By December 31, 2009 the parties shall serve their Fed.R.Civ.P. 26(a)(1) initial disclosures.

2. The issues on which the parties need to conduct discovery are: factual basis for Plaintiffs' medical malpractice and damages claims, and the United States' defenses to these claims. The parties have discussed issues relating to electronic discovery and do not contemplate significant difficulties in that area.

3. The parties shall have until **September 30, 2010** to complete discovery; no party shall be required to respond to any discovery request which falls due after that date.

4. Plaintiff shall have until February 1, 2010, and Defendant shall have until March 1, 2010, to identify the subject matter/discipline of expert witnesses to be used at trial. (Identification to be served on other parties, but not filed with the Court.)

5. Plaintiff shall have until **October 29, 2010** to provide the names of expert witnesses and complete reports under Fed.R.Civ.P. 26(a)(2). Defendant shall have until **November 30, 2010** to provide the names of expert witnesses and complete reports under Fed.R.Civ.P. 26(a)(2). (Treating physicians need not prepare reports, only qualifications, unless they will express opinions not reflected in the medical records.) (Reports are to be served on other parties, but not filed with the Court.) **Parties shall have until December 30, 2010 to complete expert discovery; no party shall be required to respond to any expert discovery request which falls due after that date.**

6. The parties shall have until February 1, 2010 to move to join additional parties and/or to move to amend pleadings to add claims or defenses.

7. The parties shall have until February 1, 2010 to file other nondispositive motions (e.g., consolidation, bifurcation).

2

8. The parties shall have until January 31, 2011 to file threshold motions. (e.g., jurisdiction, qualified immunity, statute of limitations). Discovery shall not be stayed during the pendency of such motions.

9. The parties shall have until January 31, 2011 to file other dispositive motions. (summary judgment as to all or part of the case).

10. Each party shall serve no more than 25 interrogatories, including subparts. (Show good cause for more than 25 interrogatories allowed by Rule 33.)

11. Each party shall take no more than 10 discovery depositions. (Show good cause for more than the 10 depositions allowed by Rule 30.)

12. Depositions taken for presentation at trial shall be completed 60 days before trial.

13. Counsel have discussed between themselves and explored with their clients early involvement in alternative dispute resolution. The following option(s) would be appropriate in this case:

    \_\_\_\_ arbitration

    √ mediation (choose one):

        \_\_\_\_ private mediator

        √ Court-hosted early settlement conference – should the conference be held before a judge who will not be the trial judge?

            √ yes

    \_\_\_\_ doesn't matter

\_\_\_\_ early neutral evaluation before (choose one):

    \_\_\_\_ judge other than trial judge

    \_\_\_\_ neutral technical expert

    \_\_\_\_ neutral attorney

\_\_\_\_ other (specify) _____

\_\_\_\_ none (explain reasons)

The parties shall be ready to evaluate the case for settlement purposes by **January 15, 2011.** (If an ADR option other than a Court-hosted settlement conference is chosen, counsel shall designate one of themselves to report back to the magistrate judge that the ADR effort was completed and whether or not it was successful. The Court reminds the parties that early involvement in ADR is voluntary, not mandatory. Participation in ADR is encouraged by the Court but is not required except for a settlement conference shortly before trial.)

14. A mid-discovery status conference would not be helpful in this case.

15. The parties will not voluntarily waive their rights to proceed before a district judge and consent to have a magistrate judge conduct any and all further proceedings in the case, including the trial, and order the entry of a final judgment.

16. Trial of this case will be to the Court.

17. The estimated length of trial is four (4) days.

4

Dated this 18th day of June, 2010.

                    ACKRE LAW FIRM, PLLP

By: _____
     ROBERT G. ACKRE
     P. O. Box 685
     Cando, ND 58324
     (701) 968-3324
     N.D. Bar Board ID No. 04973
     Attorneys for Plaintiff

Dated this 18th day of June, 2010.

                    LYNN C. JORDHEIM
                    Acting United States Attorney

By: _____
     JAMES PATRICK THOMAS
     Assistant United States Attorney
     P. O. Box 699
     Bismarck, ND 58502-0699
     (701) 530-2420
     N.D. Bar Board ID No. 06014
     Attorney for United States

ORDER

The above amended scheduling/discovery plan is approved with the following additions and/or modifications:

Dated this 21st day of June, 2010.

CHARLES S. MILLER, JR.
United States Magistrate Judge

6